```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Joshua Burns

   v.                                     Civil No. 19-cv-007-LM
                                           Opinion No. 2019 DNH 106
N.H. Correction
Corporal FNU Croteau, et al.


**O R D E R**

    Plaintiff Joshua Burns brings this suit against defendants Corporal Jason Croteau ("Croteau"), Sergeant Dwyane Sweatt ("Sweatt"), and Correction Officers "John Does," all employees of the Northern Correctional Facility for Men in Berlin, New Hampshire ("NCF").  Burns alleges that Croteau and Sweatt used excessive force against him and that the John Doe defendants failed to intervene to protect him in violation of his civil rights under 42 U.S.C. § 1983.  Burns also brings a number of state tort claims against Croteau and Sweatt.  Currently before the court is defendants' motion to dismiss all the state law claims, as well as the failure to intervene claim against the John Doe defendants.  Burns objects.  For the reasons that follow, the motion to dismiss is granted in part and denied in part.

**STANDARD OF REVIEW**

Under Fed. R. Civ. P. 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**BACKGROUND**

The following facts are taken from Burns's amended complaint. At all relevant times, Burns was an inmate at NCF. On April 27, 2016, Croteau ordered Burns to do "extra-duty." Burns told Croteau that he did not have extra duty. Sweatt then told Burns that if he did not perform extra-duty "his day was not going to go well." While stating again that Burns had extra duty, Croteau "shov[ed] a cleaning bottle and a rag in Burns['s] face and down his shirt." Burns responded that he was not going to perform extra duty.

Sweatt and Croteau then "slammed Burns['s] face into a cement wall." While handcuffing Burns, Sweatt pulled Burns's arms back in such a manner that Burns suffered a dislocated right shoulder. Croteau and Sweatt then "dragged" Burns to the reception area to process him. Croteau asked Burns if there was "going to be an issue if the cuffs came off," but Burns did not respond. Croteau then "threw Burns['s] face down on the cement floor" while the John Doe defendants "forcibly removed his sneakers, socks, pants, and boxers." Burns alleges that the John Doe defendants were present during the incident, witnessed the assault, and did nothing to protect Burns or prevent the assault.

For two months after this incident, Burns felt "extreme pain" in his right shoulder and had to wear a sling on his right arm. Burns suffered mental health issues and recurring nightmares because of this incident.

Following this incident, a disciplinary hearing occurred. Burns was charged with "preventing or interfering with the search of an inmate, his/her cell or his/her property," and "conduct which disrupts or interferes with the security of orderly operation of the institution." The hearing's officer concluded that the charges were "unfounded." She also determined that Burns "may have been unnecessarily assaulted by officers in NCF."

**LEGAL DISCUSSION**

Defendants make two arguments. First, they argue that Burns fails to allege a plausible claim of excessive force against the John Doe Defendants under a failure to intervene theory. Second, Defendants argue that certain of the state claims in Count 2 should be dismissed and, in any event, they have immunity on all of the state tort claims.

I. <u>Failure to Intervene</u>

In Count I, Burns alleges that the John Doe defendants failed to intervene when Croteau and Sweatt used excessive force against him.  Defendants argue that the allegations fail to state a plausible claim against the John Doe defendants.

"An officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance." Gaudreault v. Salem, 923 F.2d 203, 207 n.3 (1st Cir. 1990).  To prevail on a "failure to intervene" claim the following elements must be satisfied: (1) the defendant was present at the scene of the alleged excessive use of force at the time it occurred; (2) the defendant actually observed the alleged excessive use of force; (3) the defendant was in a position where he or she could realistically prevent the alleged use of excessive force; and (4) there was sufficient time

available to prevent the alleged excessive use of force.  See [Davis v. Rennie](), 264 F.3d 86, 97, 101 (1st. Cir. 2001) (upholding jury instructions with these four elements); [Correia v. Town of Westport](), No. 16-cv-12408-ADB, 2017 WL 3940931, at *4 (D. Mass. Sept. 7, 2017) (applying these four elements).

All four elements are plausibly alleged in the amended complaint.  First, Burns alleges that the John Doe defendants were present at the scene during the incident on April 27, 2016.  Second, Burns alleges the John Doe defendants "saw excessive force being applied. . . ."  Third, Burns alleges that the John Doe defendants were close enough to not just observe the excessive force but to assist in "forcibly" removing Burns's clothing after the incident.  Finally, the facts construed as true and favorably to Burns support a plausible inference that the John Doe defendants had sufficient time to intervene but did not do so.  Accordingly, the court finds the "failure to intervene" allegations sufficiently plausible to survive a motion to dismiss.  Defendants' motion to dismiss this claim is therefore denied.

## II.  State Tort Claims

Count 2 is a collection of state law tort claims against Croteau and Sweatt: (a) assault; (b) battery; and (c) intentional and negligent infliction of emotional distress.

Count 2 also states that Burns is entitled to enhanced compensatory damages and contains a "catch all" claim for the "violation of the rights otherwise guaranteed to the plaintiff" under state and federal law. The parties agree that "enhanced compensatory damages" is not a separate tort claim but is instead a request for damages. The parties further agree that the "catch all" claim and claims for intentional and negligent infliction of emotional distress should be dismissed. Thus, the only claims in Count 2 still before the court are those for assault and battery.

Defendants first argue that RSA 541-B precludes both state tort claims against Croteau and Sweatt from being brought in federal court. RSA 541-B, entitled "Claims Against the State," provides original and exclusive jurisdiction in state-created fora for certain claims against the State. RSA 541-B contains four exceptions, including one for "[a]ny claim arising out of an intentional tort, including assault, [and] battery. . . ." RSA 541-B:19(I)(d). This exception applies

> "provided that the employee whose conduct gives rise
> to the claim reasonably believes, at the time of the
> acts or omissions complained of, that his conduct was
> lawful, and provided further that the acts complained
> of were within the scope of official duties of the
> employee for the state."

RSA 541-B:19(I)(d). Not only are there exceptions to 541-B, there is case law holding that, where the claims are against the

defendant in his individual capacity, 541-B does not bar them. [Inserra v. Nedeau, No. 93-279-SD, 1994 U.S. Dist. LEXIS 16278, at *11 (D.N.H. Nov. 10, 1994)](#).

The defendants briefed neither the exceptions to 541-B nor the applicable case law.  And, the amended complaint in this case makes clear that Burns sues Croteau and Sweatt in their individual and not in their official capacities.  The court is not persuaded by the defendants' 541-B argument.  Defendants' motion to dismiss the state tort claims on this basis is denied.

Defendant's second argument is that the Eleventh Amendment provides the state with immunity from liability for the state tort claims.  The problem with this argument is that Burns is not suing the state.  Nor is Burns suing Croteau and Sweatt in their official capacities.  The Eleventh Amendment argument is unavailing. See [Hafer v. Melo, 502 U.S. 21, 30-31 (1991)](#).

Thus, with respect to the state tort claims for assault and battery, defendants' motion to dismiss is denied.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (doc. no. [9](#)) is granted in part and denied in part.  It is granted as to the following claims in Count 2: the intentional and negligent infliction of emotional distress claims and the "catch all" claim for "a violation of the rights otherwise

guaranteed to the plaintiff." The motion is further granted to the extent it seeks clarification that the claim for "enhanced compensatory damages" in Count 2 is merely a request for damages and is not a separate, stand-alone count. With respect to the assault and battery claims in Count 2 and the failure to intervene claim in Count 1, the motion is denied.

Remaining in this lawsuit are the following claims: the excessive force and failure to intervene claims in Count 1; and the assault and battery claims in Count 2.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

July 2, 2019

cc: Counsel of Record